Caruthers, J.,
delivered the opinion of the Court.
The petitioners are the heirs of Sebert Jewel, who died in Greene county, intestate, leaving real estate, which was sold in this proceeding for partition. A house and lots in Green-ville were sold by the commissioner on the 3d of May, 1858, under a decree made at the February Term of the Circuit Court. The sale was reported to the June Term, and then confirmed. Between the sale and the confirmation, Elizabeth Biggs, wife of Elbert Biggs, died without issue. Upon this state of facts, the question arose, and is now presented to us, whether the husband, as administrator, or the brothers and sisters of Elizabeth, take her share of the proceeds. The Circuit Judge decided in favor of the husband.
*172 If the conversion. of the realty into personalty was complete at the time of her death, this would certainly be correct. In that case, the property of the wife would be a chose in action, and not realty, and would, consequently, go to the husband as such, upon administration on her estate. In Jones v. Walkup, 5 Sneed, 137, this was held to be so, where the land of the wife had been sold under a proceeding of this kind, and the sale confirmed, though the notes for the consideration had not been collected at the time of her death. We held, in that case, as we have in all aspects of the question which have come before us, that these sales were complete upon the confirmation of the report of sale, and not before. This act of the Court is necessary to change the character of the property from realty to personalty, and without it, the rights of all parties, as to the proceeds, would remain as if there had been no sale. If, then, the mutation of the realty into personalty, had not been accomplished by what had occurred at the time of the wife’s death, the marital right could not attach, and the proceeds would go to the heirs of the wife, as the land would have done in case no sale had been made. The case of Jones v. Walkup, before referred to, and the authorities there cited, though upon a different aspect of the question, is, in its principle, conclusive of this case. In that case, we say, in relation to the necessity and effect of confirmation: “ This act of the Court completes the con-
tract, and the nature of the property and rights' of the parties are instantly changed. The purchaser is then entitled to the land, and the former owner the money. It is different before confirmation, because the sale is incomplete.” The proposition in this case is the converse of that, and if we were right then, we must be now. If the confirmation by the Court be indispensable to work the change in the nature of the property and the rights of the parties, it must necessarily follow, that before, and without this, there is no such change.
So we hold, that, at the death of Elizabeth, although her land had been sold, yet, as the sale was not completed by confirmation, the conversion had not taken place, and, therefore, *173 her interest in the proceeds of the sale goes to her heirs at law, being her brothers and sisters, as she had no issue, and not to her surviving husband.
The judgment in favor of the right of the husband is therefore reversed, and the case remanded.